UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 6:21-cr-00013-GFVT-HAI |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| ROBERT TAYLOR, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

*** *** *** ***

This matter is before the Court on Defendants Misra, Taylor, Barnett, Grenkoski, and Herrell's objections to Magistrate Judge Ingram's order granting the United States's motion for entry of a discovery protocol and the discovery protocol itself. [R. 307; R. 310; R. 314; R. 315.] Eleven Defendants were indicted in this complex case with charges including unlawful distribution of controlled substances, wire and health care fraud, money laundering, falsification of medical documents, and various conspiracies. [R. 1.] A large amount of discovery is comprised of electronic devices and data, which some of the Defendants argue contain privileged material. [*See* R. 290 at 1.] The Government engaged in a filter process and disclosed filtered and unfiltered reports to the Defendants who owned the electronic material. *Id.* It then requested issuance of a discovery protocol governing challenges to the filter process and disclosure of the filtered materials to the other Defendants. [R. 237.] Judge Ingram granted the Government's motion and entered its proposed protocol, noting that none of the Defendants proposed an alternative process. [R. 290.] Now, five Defendants have filed objections to the order granting the motion for a discovery protocol and the protocol itself. For the reasons stated below, all of the Defendants' objections will be **OVERRULED**.

1

# I

In late 2018, the United States executed a series of search warrants and seized a significant amount of electronic devices and data belonging to Defendants Taylor, Barnett, Herrell, and Grenkoski. [R. 237 at 2.] Some of the Defendants argue these materials contain communications protected by attorney-client privilege. [*See, e.g.* R. 258.] In April 2019, the Government placed the material under a filter review procedure supervised by a filter AUSA. [R. 310 at 6.] The filter team began providing redacted material to the prosecution in January 2020. [R. 237 at 5.] Beyond receiving material after the filter team reviewed it, the Government engaged in "targeted reviews" on two occasions. [*Id.* at 6-8; *see also* R. 310 at 7.] These included reviews of text messages between Defendant Taylor and another doctor who was not charged in this matter and of text and email communications between some defendants and "other potential (non-attorney) co-conspirators." *Id.* After the filter review procedure was complete, the Government gave the owners of the electronic material filtered/redacted and unfiltered/unredacted reports of each of their devices or accounts. *Id.*

Once the privileged material was filtered out from the electronic discovery, the Government began to contemplate disclosure of the filtered materials to the other Defendants. It asked the Defendants who owned the electronic materials to (1) determine whether additional filters or redactions were necessary before disclosing the filtered/redacted reports to the remaining Defendants and (2) to provide input on disclosure of potentially privileged material (PPM) that was filtered out or redacted to the remaining Defendants as *Brady* or *Giglio* material. *Id.* at 9-10. Some Defendants objected to the filtered reports and no Defendant agreed to a disclosure procedure for filtered materials that may be subject to *Brady* or *Giglio*. *Id.*

The Government then moved for issuance of a discovery protocol governing disclosure of the filtered materials to the other Defendants and challenges to the filter review process. *Id.* The proposed discovery protocol included the following provisions:

> 4. *Resolution of Challenges to Filter Process*. If any Defendant wishes to file a motion with the Court relating to the United States' handling of Potentially Privileged Material, such a motion shall be filed within thirty (30) days of entry of this order. The timing and mechanics of any response and reply briefs shall be governed by LCrR 47.1.
>
> 5. *Other Defendants' Review of Potentially Privileged Information*. If any Defendant believes they are entitled to review segregated Potentially Privileged Information as Brady or Giglio material, they shall submit a motion to the Court no later than August 15, 2022, setting forth their position on (1) the discoverability of this information; and (2) a proposed methodology for reviewing such information. Any party opposing such a motion shall file an opposition consistent with the procedure set forth in LCrR 47.1.

Judge Ingram adopted the proposed discovery protocol. [R. 290.] Though multiple Defendants objected to the proposed protocol, Judge Ingram noted that no Defendant proposed an alternative process. *Id.* at 3-4. He found that the motion "presents legitimate issues that must be addressed," so a procedural mechanism to address those issues was appropriate. *Id.* at 4. Many of the Defendants' objections to the protocol revolved around their issues with the filter procedure, which is distinct from the protocol governing disclosure of filtered materials. Judge Ingram noted that any resulting prejudice "has already occurred . . . and production can be remedied by other motions." *Id.*

Now, five Defendants object to the order granting the Government's motion for a discovery protocol and the discovery protocol itself. [R. 307; R. 310; R. 314; R. 315.] Defendants Taylor and Barnett filed a joint objection. [R. 310.] They argue that (1) Paragraph Four's thirty-day period to file any objection to the filter process is insufficient and (2) any factual finding by the Magistrate is unsupported because he "took the Government's assertions at face value." *Id.* Defendant Herrell later filed a separate objection that is largely identical. [R.

3

315.] Defendants Grenkoski and Misra also filed identical objections to the discovery protocol. [R. 307; 314.] They assert that they cannot present an argument as to whether *Brady* or *Giglio* entitles them to review any of the filtered PPM because they have no information about what those materials contain. *Id.* They requested the discovery protocol be modified to require the filter team to provide privilege logs containing information about the segregated PPM, sufficient for the Defendants to be able to argue whether *Brady* or *Giglio* entitles them to review any of it. [*See, e.g.* R. 314 at 2.] They also object to the thirty-day time period provided in Paragraph Four to file a motion regarding the Government's handling of PPM because they need the requested privilege log to be able to do so. *Id.* at 3.

## II

Pursuant to Federal Rule of Civil Procedure 72(a), the Court will only set aside or modify the Magistrate Judge's non-dispositive Orders if the Court finds that at least a portion of the order is "clearly erroneous or is contrary to law." "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is clearly abused." *Dayco Prods., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992) (citing *Snowden v. Connaught Labs.*, 136 F.R.D. 694, 697 (D. Kan.1991), and *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y.1982)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The Court will resolve the objections in turn.

**A**

Defendants Taylor, Barnett, and Herrell first object to the discovery protocol itself because Judge Ingram accepted the Government's assertions about its filter process but "does not provide similar treatment to the counter-narrative established by Respondents." [R. 310 at 12; R. 315 at .] The purpose of this objection is unclear. Judge Ingram did not adopt the proposed discovery protocol because it believed or approved of the Government's framing of its filter review procedure. Rather, he recited the factual predicate in broad terms to give context to the discovery protocol and, on multiple occasions, prefaced facts with "the motion states." [*See generally* R. 290.] Judge Ingram adopted the proposed discovery protocol because there is a pressing need to efficiently litigate issues in this complex case in order to proceed to trial next January. *See id.* at 4-5. His decision to impose the discovery protocol was not based on a factual finding that the Government's framing of the filter procedure was correct and the Defendants' framing was incorrect. The decision to adopt the discovery protocol was not based on the propriety of the filter review procedure, so the Defendants' issues with the procedure cannot support a finding that the order adopting the discovery protocol was clearly erroneous or contrary to law. Notably, these Defendants do not mention this standard within this objection. [R. 310 at 12-13.] If these Defendants are concerned that the Court will be bound by the Magistrate's recitation of facts in its resolution of any later motion, the Court cannot foresee any situation in which that would be the case. This objection will therefore be overruled.

Defendants Taylor, Barnett, and Herrell also object to the discovery protocol itself because it allows "further intrusion into privileged communications" and "there is no protocol that can cure the fact that the prosecution team has already been exposed to and reviewed privileged materials." [*Id.* at 13-14; R. 315 at 7.] They state the discovery protocol is "directed

5

at defense review, not the Government's review of seized materials," but do not present an argument that defense review of non-privileged materials is unwarranted. *Id.* Next, they argue that the protocol is insufficiently protective because it "cannot cure the fact that . . . the government's filtering process did not begin in this case until well after the searches and seizures and thus have been fundamentally flawed from the start." *Id.* But the purpose of the discovery protocol is not to "cure" privilege violations. Rather, it governs disclosure of *non-privileged* documents to the other Defendants and imposes a time limit for the Defendants' challenges to the filter review procedure. [R. 291.] The protocol specifically allows these Defendants to object to disclosure of materials which they believe the filter team incorrectly deemed non-privileged, so they have an opportunity to prevent disclosure of privileged materials. *Id.* at 2. Ultimately, these Defendants' concerns with the filter review procedure are irrelevant to the discovery protocol and do not make it clearly erroneous or contrary to law. These issues will be resolved through other motions already pending before the Court. [*See* R. 258; R. 277.]

      Defendants Taylor and Barnett then list other specific objections to the protocol, including (1) disclosure of their irrelevant "personal and family communications" and (2) the "onus" being put on them to conduct a privilege review and object to the protocol within thirty days. [R. 310 at 15.] They state thirty days is insufficient to review the material because "the files appear to be over three terabytes." *Id.* Similarly, Defendant Herrell states he cannot estimate the time needed to review the data because there are "tens of thousands of unorganized, unlabeled individual files to be manually opened." [R. 315 at 8.] Neither party presents legal support for these objections. Further, it is reasonable for these Defendants to be asked to review the Government's privilege determinations. All of the electronic discovery has been reviewed by the Government, which made privilege determinations, and now the Defendants are being given

6

an opportunity to review the materials deemed non-privileged before they are disclosed. The Court has no grounds on which to conclude that these provisions of the protocol are clearly erroneous or contrary to law, so it will overrule the objections. If the Defendants believe thirty days is insufficient to conduct their review, they may request an extension of time from the Magistrate Judge. However, this Court will note that reasonable deadlines should be complied with in order to proceed to trial in January.

**B**

Defendants Misra and Grenkoski's objections are specific to the discovery protocol and the order adopting it. [R. 307; R. 314.] They contend they have no basis on which to file a motion arguing they are entitled to view segregated PPM under *Brady* or *Giglio* because they have no record of what is included in those materials. [R. 307 at 2.] They request a privilege log describing the materials and ask that their thirty-day period to file such motions begin to run when the logs are provided by the filter team. *Id.* at 3. The Court ordered the Government to respond to the requested modification. [R. 309.] It did so, arguing the objection "fundamentally misunderstands" this provision of the discovery protocol. [R. 317 at 2.] The Government understands Paragraph Five to set a briefing schedule for motions addressing whether *Brady* and/or *Giglio* apply at all to segregated PPM which is not in the prosecution team's possession. *Id.* at 2-4. It argues the requested privilege log "presupposes" resolution of that issue by assuming co-defendants are entitled to review segregated PPM subject to *Brady* or *Giglio*. In reply, Defendant Misra frames Paragraph Five as "the Government's attempt to push off onto the defendants the obligation to responsibly deal with huge volumes of seized material (*i.e.*, emails and texts) to assure that Dr. Misra and the other co-defendants receive a fair trial." [R. 339 at 2.]

The Court agrees that Defendant Misra misunderstands Paragraph Five. Defendants are not required to request *Brady* material. *United States v. Agurs*, 427 U.S 97, 107 (1976). The Government has an affirmative duty to produce such material, regardless of whether a Defendant requests it. *Id.* Therefore, Defendant Misra's belief that she needs a "factual basis upon which to move for review of such material" is incorrect. [R. 307 at 2.] Rather, Paragraph Five requires the Defendants who do not have an ownership interest in the segregated PPM to file motions addressing the preliminary issue of whether *Brady* supersedes attorney-client privilege and, if so, propose a method for reviewing the materials. The requested privilege log is unnecessary because if the Government's duty to disclose exculpatory evidence applies to privileged materials, it will automatically need to disclose those materials rather than the Defendants needing to move for disclosure of specific documents. Accordingly, this objection is overruled.

Finally, these Defendants "object" to Paragraph Four, which imposes a thirty-day time period in which to file motions challenging the Government's handling of PPM. *Id.* at 3. They claim the thirty-day period should begin to run when their requested privilege log is provided. *Id.* Having decided the Defendants are not entitled to a privilege log, this objection is moot. Further, these Defendants present no argument as to why they believe this provision is clearly erroneous or contrary to law, so the Court has no basis on which to sustain the objection and it will be overruled. Again, the parties are free to request an extension of time from Judge Ingram.[1]

---

[1] The Court recognizes that there are two pending Motions to Stay the discovery protocol's deadlines. [R. 351; R. 352.] The Court granted one Motion to Stay and stayed all of the Defendants' obligations under Paragraphs 3(a) and 4 until August 12, 2022, to allow more time for consideration of the objections. [R. 353.] Both of the pending motions present arguments for a stay or extension of time beyond the need to resolve the objections. [R. 351; R. 352.] Having overruled the objections, the discovery protocol is now in effect and subject to Judge Ingram's oversight. Accordingly, Judge Ingram will resolve these motions.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Eva Misa's Objection **[R. 307]** is **OVERRULED**;

2. Defendants Robert Taylor and Lori Barnett's Objection **[R. 310]** is **OVERRULED**;

3. Defendant Mark Grenkoski's Objection **[R. 314]** is **OVERRULED**;

4. Defendant Evann Herrell's Objection **[R. 315]** is **OVERRULED**;

This the 10th day of August, 2022.

Gregory F. Van Tatenhove
United States District Judge