UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )        Criminal No. 6:21-cr-00013-GFVT-HAI
                               )
V.                             )
                               )        **MEMORANDUM OPINION**
ROBERT TAYLOR, *et al.*,        )        **&**
                               )        **ORDER**
        Defendants.            )
                               )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendants Robert Taylor and Lori Barnett's Motions

for Bill of Particulars.  [R. 253; R. 261.] Defendants Evann Herrell, Eva Misra, and Mark

Grenkoski seek leave to join Dr. Taylor's motion and reply.  [R. 271; R. 280; R. 283; R. 333; R.

338; R. 343.]  The Court **GRANTS** the motions for leave to join but, for the reasons that follow,

the Defendants' requests for a bill of particulars are **DENIED**.

**I**

In March 2021, a set of eleven defendants were charged by way of a forty-page

Indictment for having allegedly violated seven statutes.  [R. 1 at 1.]  The above referenced

Defendants were charged, among other counts, with conspiring to distribute controlled

substances in violation of 21 U.S.C. § 846, conspiring to falsify medical records in violation of

18 U.S.C. § 371, conspiring to commit wire and health care fraud in violation of 18 U.S.C.

§ 1349, and conspiring to commit money-laundering offenses in violation of 18 U.S.C. §

1956(h).[1]  [R. 1 at 1.]  The Indictment summarily alleges that the above referenced Defendants

---

[1] This list is a generalization and is not intended to be exhaustive or all inclusive.  For example,
Defendant Eva Misra is not charged with conspiring to commit wire and health care fraud, as
many of her alleged co-conspirators are accused.  [R. 1 at 15.]  Similarly, Defendant Robert
Taylor is also charged alone, among other counts, with having attempted to commit a monetary

conspired "to make [EHC Medical Offices, PLLC] appear as if it was functioning within the usual course of medical practice," when, in truth, Defendants were prescribing medicine and procedures that were not medically necessary, falsifying medical records, laundering money, and engaging in other illegal activities to further a scheme or schemes in pursuant of monetary gain. [R. 1 at 11-40.]  Now, pursuant to Federal Rule of Criminal Procedure 7(f), Defendants Robert Taylor and Lori Barnett each move for a bill of particulars.  [R. 253; R. 261.]  The Government opposes both requests.  [R. 298.]  This matter is now ripe for review.

## II

A bill of particulars is intended to "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction . . . ." *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965).  "When a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified." *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965).  Accordingly, courts should "balance the defendant's need for the information against the effect of narrowing the Government's scope of proof." *United States v. Martin*, 822 F.2d 1089 (6th Cir. 1987).  Defendants are not entitled to a bill of particulars if "the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981) (quoted by *United States v. Martin*, 822 F.2d 1089 (6th Cir. 1987)).

## A

---

transaction in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957. *Id.* at 24-25.

In their Motions, Defendants seek the disclosure of information that can be categorized as follows: (1) the identities of all alleged co-conspirators, (2) overt acts, dates, and locations pertaining to the charged conspiracies, (3) a detailed accounting of the Government's evidence, and (4) the Government's legal and evidentiary theories of the case.  [*See* R. 253 at 9-13; R. 261 at 2.]  Defendants do not analyze each category individually, but instead generally argue that the Indictment is "rudimentary" and that revelation of information under each of the four categories is necessary to ensure that they are on notice of the crimes that they are alleged to have committed.  [*See generally* R. 253; R. 261.]

In her Motion, Ms. Barnett argues that "a bill of particulars is necessary […] because the [I]ndictment fails to give [her] an adequate understanding of the charges against her."  [R. 253 at 7.]  Ms. Barnett asks the Court to help "minimize[e] the dangers of surprise" in this matter and to take into consideration "'the complexity of the crime charged' when determining what information is necessary for a defendant to prepare his or her case for trial."  *Id*. (first citing *United States v. Smith*, 484 F.2d 1064 (4th Cir. 1993) (internal citations omitted) *and then* 1 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. Crim. § 130 (4th ed.)).  In his Motion, Mr. Taylor cites to persuasive cases in which courts have ordered the filing of a bill of particulars in complex cases involving drug conspiracies, like the one at present.  [*See* R. 261 at 6 (collecting cases).]  Mr. Taylor further contends that "[t]he 27-count [I]ndictment in which [he] is charged is constitutionally deficient because it lacks sufficient particularity," and that "[u]ntil this rudimentary information is provided, [he will] be unable to properly prepare a defense."  [R. 261 at 6.]

The Government opposes each Defendants' request for a bill of particulars.  [R. 298.]  As an initial matter, the Government describes the information it has provided to Defendants within

3

the Indictment including "a number of background allegations regarding controlled substances and health care benefit plans," "background on the relevant entities and individuals," and general information about the Defendants' involvement and positions at EHC. *Id.* at 2. The Government then describes the amount of discovery it has heretofore provided to Defendants, including "medical records, interview reports, financial records, billing data, recordings of undercover patient visits, and more," by "agreed-upon searchable electronic format" and the inclusion of a "discovery index." *Id.* at 4. The Government also indicates that it has "produced a report from Dr. Jorrisch summarizing his findings and his specific observations regarding his review of the undercover recordings and 44 EHC patient files," and that it "has also agreed to identify its trial exhibits to the Defense 60 days before trial." *Id.*

After describing its prior efforts, the Government then analyzes and opposes each of the four categories of information Defendants seek. The Government summarily argues that it need not provide further information about co-conspirators under Sixth Circuit case law, that it has sufficiently provided examples of "overt acts" and need not provide further examples, that it need not provide further evidentiary details because those details exist in discovery already produced to Defendants, and that Defendants may not seek disclosure of its prosecutorial theories by way of a bill of particulars request. [*See generally* R. 298.]

**B**

Upon review, the Court finds a bill of particulars unnecessary in this matter and that Defendants are not entitled to further particularization of any of their four categories of sought information. Defendants describe the Indictment in this matter as "rudimentary" and constitutionally inadequate and particularly take issue with their indicted counts of conspiracy. [*See, e.g.,* R. 261 at 6.] But a review of the *forty-page* Indictment indicates otherwise. The test

for granting a motion for a bill of particulars is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *Kendall*, 665 F.2d at 134. Here, each claim lists the elements of the offense charged and the approximate time period in which the offense occurred. The more complex conspiracy allegations, like conspiracy to falsify medical records and conspiracy to commit wire and health care fraud, are followed by even further detail. For example, following the conspiracy to falsify medical records charge, the Indictment lists each Defendant alleged to have been involved, the Government's perceived "object and purpose of the scheme," the "manner and means" by which the scheme was carried out, a short explanation of the charge arising from the scheme, and a list of which Defendants are accused of conspiring to further the scheme. [*See* R. 1 at 10-14.] Additionally, Count 3, the only Count with a statutory "overt act" requirement, describes nine different acts the Government theorizes to constitute "overt acts." *See id.*

A review of the Indictment reveals that Defendants already possess the "minimum amount of information necessary to permit [them] to conduct [their] *own* investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d. Cir. 1985). The Indictment signals the dates of the alleged criminal activity, the nature of the alleged criminal activities that constitute the charged "schemes," and the elements of each offense charged. Consequently, Defendants are not entitled to a bill of particulars because the Indictment is constitutionally sufficient to enable adequate trial preparation.

But even if a bill of particulars were necessary in this matter, Defendants are not entitled to any of the four categories of information sought. First, Sixth Circuit precedent is clear that the Government need not provide Defendants the names of all alleged co-conspirators. "A defendant may be indicted and convicted despite the names of his co-conspirators remaining

5

unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (internal citations omitted); *see also United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004)).  And to the extent that Defendants' request is an attempt to gather the identities of additional government witnesses, "[i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *see also United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993) ("Ordinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses.") (citing Fed. R. Crim. P. 16)).

Next, Defendants are not entitled to additional "overt acts, dates, and locations pertaining to the charged conspiracies."  The Government provided nine examples of overt acts under Count 3 and provided ample discovery through which thorough investigation can ensure that Defendants are adequately prepared to defend against other alleged examples of overt acts. *Musick*, 291 Fed. App'x at 43; *see also United States v. Salisbury*, 983 F.2d 1369, 15 ("a defendant is not entitled to discover all of the overt acts that might be proven at trial.") (internal citations omitted).  The voluminous discovery in this matter also precludes any need to expressly disclose additional dates and locations pertaining to the charged conspiracies. *United States v. Daugherty*, 2017 U.S. Dist. LEXIS 27496, at *8 (E.D. Ky. Feb. 28, 2017) ("The Court well understands the complexity and scope of the discovery in the case, but the Sixth Circuit has never recognized even extraordinarily dense or voluminous discovery as a justification to order a bill of particulars.").

6

Finally, Defendants are not entitled to a detailed accounting of the Government's evidence or additional information pertaining to the Government's prosecutorial theories.  In her Motion, for example, Ms. Barnett requests a bill of particulars provide "[a]ny fraudulent statements attributable to [her]," and "[t]he factual basis for the government's assertion that any such statement or representation is false or fraudulent."  [R. 253 at 9.]  But this information is not designed to be attained by way of a bill of particulars because a bill of particulars "is meant to be used as a tool to minimize surprise and assist [a] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes," not "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.3d at 15 (internal citations omitted); *see also United States v. Maricle*, 2009 U.S. Dist. LEXIS 109199 at *7 (E.D. Ky. Nov. 20, 2009) ("[D]emands for the 'whens, wheres, and hows' of the alleged offenses […] far exceed the purposes of a bill of particulars."). Similarly, a bill of particulars may not be used as means to learn the Government's prosecutorial theories of a case. *See United States v. Ingram*, 2016 U.S. Dist. LEXIS 40792, at *4-*5 ("[i]t would be improper to use a bill of particulars to compel the Government to disclose the manner in which it will prove the charges or preview its evidence of legal theory.") (internal citations omitted) (collecting cases).

### III

A bill of particulars is not warranted in this matter because the Indictment sufficiently "inform[s] the defendant[s] of the nature of the charge[s] against [them] with sufficient precision to enable [them] to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable [them] to plead [their] acquittal or conviction . . . " *Haskins*, 345 F.2d at 114.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants' Motions for Bill of Particulars [R. 253; R. 261] are **DENIED**;

2. Defendants Evann Herrell, Eva Misra, and Mark Grenkoski's Motions to Join [R. 271; R. 280; R. 283; R. 333; R. 338; R. 343] are **GRANTED** to the extent each Motion seeks leave to join [R. 253 and R. 261].

This the 12th day of September, 2022.

Gregory F. Van Tatenhove
United States District Judge