UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 6:21-cr-00013-GFVT-HAI |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ROBERT TAYLOR, LORI BARNETT, ) | **&** |
| EVANN HERRELL, MARK GRENKOSKI, ) | **ORDER** |
| EVA MISRA, and KERI MCFARLANE, ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendants Taylor and Barnett's Motion requesting a pre-trial hearing to determine the existence and scope of the conspiracies charged in this action. [R. 259.] They invoke the co-conspirator exclusion to the hearsay rule, which requires that the Government make preliminary showings to admit certain co-conspirator statements. *Id.* Drs. Herrell, Grenkoski, Misra, and McFarlane seek to join their Motion. [R. 272; R. 280; R. 283; R. 405; R. 335; R. 338; R. 343.] Rather than a pre-trial hearing, the Government asks the Court to conditionally admit the co-conspirator hearsay statements at trial, subject to a later determination that it proved the exclusion applies. [R. 300.] For the reasons that follow, the Motions to Join [R. 272; R. 280; R. 283; R. 405; R. 335; R. 338; R. 343] are **GRANTED** but the Motion for Hearing [R. 259] is **DENIED**.

I

The Indictment brings twenty-seven charges against eleven defendants. [R. 1.] All but two—Elmer Powers and Brian Bunch—were employed at EHC Medical Offices. *Id.* at 8-9. Count 1 charges all of the Defendants with a conspiracy to violate the Controlled Substances Act

by distributing narcotics pursuant to unauthorized prescriptions. *Id.* at 10. The EHC employees (Taylor, Barnett, Herrell, Grenkoski, McFarlane, Bidawid, Cirelli, Misra, and Rasberry) are then charged with a conspiracy to make false statements regarding services connected to health care benefit programs. *Id.* at 10-14. They are also charged with two conspiracies to engage in financial transactions using the proceeds of unlawful activity. *Id.* at 21-22. Defendants Taylor, Barnett, Herrell, Grenkoski, and McFarlane are charged in two additional conspiracies to commit wire and health care fraud. *Id.* at 14-21. Each EHC employee is then charged with money laundering and engaging in monetary transactions with unlawfully derived property. *Id.* at 23-40.

The defendants who have pled not guilty are set to proceed to a joint trial of all the charged violations. Accordingly, the Government will present evidence on all six conspiracies at trial. This evidence will presumably include co-conspirator statements, which may constitute hearsay unless they are subject to a hearsay exclusion. The Movants seek a pre-trial hearing to determine the existence and scope of the six alleged conspiracies, which are necessary portions of the co-conspirator hearsay exclusion. [R. 259.] The Government opposes a pre-trial hearing and seeks conditional admission as an alternative. [R. 300.]

## II

Trials involving conspiracy charges often open the door to the co-conspirator exclusion to the hearsay rule. Fed. R. Evid. 801(d)(2)(E). To admit co-conspirator statements that would otherwise constitute hearsay, the Government must first prove by a preponderance of the evidence: "(1) that a conspiracy existed, (2) that the defendant against whom the hearsay is offered was a member of the conspiracy, and (3) that the hearsay statement was made in the course and in furtherance of the conspiracy." *United States v. Vinson*, 606 F.2d 149, 152 (6th

Cir. 1979). "This preliminary finding is the sole province of the trial judge." *Id.* (citing Fed. R. Evid. 104(a)).

### A

Admission of co-conspirator statements raises procedural issues at trial. On one hand, the Government's ability to present its evidence in the order it chooses would be limited by requiring it to prove that the exclusion applies before admitting the co-conspirator statements. On the other, defendants would face significant prejudice if the jury was exposed to hearsay statements which the Court later determined were inadmissible. The Sixth Circuit has outlined three acceptable approaches to balance these concerns. The court can conduct a "mini-hearing" before trial in which the Government presents its proof of the conspiracy to the judge, without a jury, and the judge makes a preliminary finding on the existence and scope of the conspiracy. *Id.* The Movants ask the Court to take this approach. Another option is for the Government to introduce its non-hearsay evidence first at trial, then admit the hearsay co-conspirator statements after the court finds the existence and scope of the conspiracy. *Id.* Finally, the Court could admit the hearsay co-conspirator statements conditionally, subject to "later demonstration of their admissibility by a preponderance of the evidence." *Id.* The trial court has "considerable discretion" in determining how the proof should be presented. *Id.* (citing Fed. R. Evid. 611(a)).

Pre-trial conspiracy hearings are criticized as being "burdensome, time-consuming and uneconomic." *Vinson*, 606 F.2d at 152. This case involves six conspiracies and the Government recognizes that the only substantive charges (money laundering) are "inextricably linked" to the conspiracies. [R. 300 at 2.] Therefore, it claims that a pre-trial hearing would "essentially [be] a dress-rehearsal bench trial of nearly the entire jury trial that will follow." *Id.* It asks the Court to admit the co-conspirator hearsay statements on the condition that their admissibility be

determined after the conspiracy evidence is introduced. *Id.* The Movants recognize that this is the "typical practice" but claim the charges against them warrant a different approach. [R. 259 at 9.] Ultimately, they believe that the presence of "alleged multiple conspiracies spanning years and multiple co-defendants" presents a significant risk of a mistrial which could be prevented by a pre-trial hearing. [R. 322 at 3.]

A pre-trial hearing is not warranted in this matter. The Court is guided by its sister court's reasoning in *United States v. Coffman.* 2010 WL 3924671, at *3 (E.D. Ky. Sept. 29, 2010). That court first noted that there is a preference for conditional admission in the Sixth Circuit. *Id.* (collecting cases). Beyond noting this general preference, the court concluded that conditional admission is more consistent with *United States v. Bourjaily. Id.* In *Bourjaily*, the Supreme Court found that a court can consider co-conspirator hearsay statements in determining whether the Government proved the conspiracy for the purpose of admitting the statements under FRE 801(d)(2)(E). 483 U.S. 171, 181 (1987). Because the statements contribute to the existence of the conspiracy, the Court should be presented with the statements *before* determining whether they are admissible. This supports conditional admission rather than the second *Vinson* approach: requiring the Government to prove the conspiracy at trial before admitting the co-conspirator hearsay statements. *Coffman*, 2010 WL 3924671, at *3.

The Movants do not present a compelling reason to depart from this Circuit's common practice of using the third *Vinson* approach: conditionally admitting co-conspirator hearsay. They do not present any examples of a court, let alone one in this Circuit, ordering a pre-trial hearing because the case involves "many counts of conspiracy under different legal theories and involving different named defendants and unknown others." [R. 259 at 5.] Counterintuitively, the complexity of this case weakens the economic benefit of a pre-trial hearing. As the

4

Government argues, a pre-trial hearing would be less efficient because it would almost entirely mirror trial, which is anticipated to last months. Proof of all six conspiracies, which constitute every charge except the substantive money laundering charges, would need to be presented in a pre-trial hearing. It would be remarkably inefficient to conduct the majority of the Government's case-in-chief twice, especially when the more efficient option of conditional admission is preferred. *See Coffman*, 2010 WL 3924671, at *3. A pre-trial hearing in this matter would not be a "mini" hearing, as contemplated by *Vinson*. 606 F.2d at 152.

The Movants also argue that "if evidence of separate conspiracies is later introduced at trial, [they] will have been irreparably prejudiced by improper propensity evidence." [R. 259 at 12.] They suggest that "evidence of separate conspiracies" would violate FRE 403 and 404(b) if admitted. *Id.* It is not entirely clear as to what evidence the Movants are referring. They appear to believe that if one conspiracy is proven but not another, the evidence as to the latter would be improper propensity evidence and unduly prejudicial as to the former. In reply, they clarify that these Rules support a pre-trial hearing because multiple conspiracies create a risk of evidentiary violations if the existence of the conspiracies is not determined pre-trial. [R. 322 at 4.]

The Court will assume—without so ruling—that violations of Rules 403 and 404(b) would be threatened if one but not all conspiracies were proven. This risk would be present in any case alleging multiple conspiracies. Therefore, the Circuit would have taken the risk into account as it established its preference for conditional admission. These evidentiary rules do not support a pre-trial conspiracy hearing. Of course, the Movants will be able to raise evidentiary objections through motions *in limine* and at trial.

**B**

The Movants present an alternative fourth option not contemplated by *Vinson*. They ask

5

the Court to require the Government to submit an "offer of proof and bill of particulars" establishing the existence of the conspiracy before conditionally admitting the statements at trial. [R. 259 at 5.] They cite a case in which the trial court ordered the Government to submit a pre-trial offer of proof regarding the conspiracy "to ensure some level of review before the statements were put to the jury." *United States v. Norwood*, 2014 U.S. Dist. LEXIS 62308, at *8 (E.D. Mich. May 6, 2014). It relied on an out-of-circuit case explaining that the Seventh Circuit, at least in 1992, had suggested that such pre-trial proffers are an efficient way to handle co-conspirator hearsay. *Id.* (citing *United States v. Rodriguez*, 975 F.2d 404, 406 (7th Cir. 1992)).

      The Court will not require a pre-trial proffer. There is no meaningful difference between a pre-trial hearing and a pre-trial proffer. The latter would still require the Government to give proof establishing the co-conspirator hearsay exclusion and the Court to determine whether it met its burden. This is the same process that would apply in a pre-trial hearing. The only difference is whether the proof and determination occur on paper or in court. Accordingly, the strong preference for conditional admission rather than a pre-trial hearing would apply equally against a pre-trial offer of proof. Other in-circuit courts have similarly denied such requests. *See United States v. Stimpert*, 2022 WL 4391740, at *11 (E.D. Tenn. Sept. 22, 2022) (finding a bill of particulars establishing the co-conspirator hearsay exclusion effectively requires the Government to identify overt acts, which is not required); *United States v. Ledesma*, 2020 WL 7075289, at *2 (E.D. Mich. Dec. 3, 2020) (agreeing with the Government's position that "there is no basis in the law that would require the United States to provide written notice of all testimony expected to occur at trial, so that Ledesma can preview and determine which statements he would like to exclude and what objections he would like to raise"). A bill of particulars would primarily give the Defendants a preview into the Government's trial strategy,

6

which is not an appropriate use of the mechanism. *See United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).

### III

The Court has "considerable discretion" in determining the "mode and order of" the proof establishing the co-conspirator hearsay exclusion. The Movants have not established a reason to depart from the preferred method of conditionally admitting the statements at trial. Nevertheless, the Court will protect the Defendants' interests by following *Vinson*'s detailed best practices for conditionally admitting co-conspirator hearsay. 606 F.2d at 153. Perhaps most important, if the Court finds that the Government failed to establish the co-conspirator hearsay exclusion, it can "on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice." *Id.* Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Dr. Taylor and Ms. Barnett's Motion for a Pre-Trial Hearing **[R. 259]** is **DENIED**;

2. Dr. Herrell and Dr. Grenkoski's Motions to Join **[R. 272; R. 335]** are **GRANTED**, but they are likewise afforded no relief; and,

3. Dr. Herrell, Dr. Misra, Dr. Grenkoski, and Dr. McFarlane's Motions to Join **[R. 280; R. 283; R. 338; R. 343; R. 405]** are **GRANTED** to the extent they seek leave to join the Motion for Hearing [R. 259] or Reply [R. 322], but they are likewise afforded no relief.

This the 10th day of November, 2022.

Gregory F. Van Tatenhove
United States District Judge